New York County.—Hon. D. C. CALVIN, Surrogate.—
September, 1880.

### KAVANAGH v. WILSON.[*]

*In the matter of the estate of* ALEXANDER C. POILLON, *deceased.*

In proceedings to sell a decedent's real estate, for the payment of debts, a judgment for a debt due from him, entered on an offer of his executors, against whom the action had been revived, is not evidence of the debt, as, in such case, there is no trial on the merits. Nor is the offer competent evidence, as constituting an admission thereof.

The costs awarded in such a judgment are not a valid part of the claim, for the purposes of such proceedings.

Wood *v.* Byington 2 *Barb. Ch.*, 387; Sanford *v.* Granger, 12 *Barb.*, 392:—followed.

[*] See Swartout *v.* Schwerter, *post,* p. 497.

KAVANAGH *v.* WILSON.

MOTION to confirm report of referee appointed, in creditor's proceeding to sell decedent's real estate for the payment of debts, to take proof of a certain judgment recovered in the name of John Kavanagh against the executors, and of the rights and interests of certain parties, in and to said judgment.

An action was commenced in the court of common pleas, by John Kavanagh, for brokerage fees, against the decedent, in 1873, and upon the latter's death, was revived against his executors on December 14, 1874. In May, 1876, a judgment was recovered therein against the executors for over $5,000, which, after affirmance by the General Term, was reversed by the court of appeals, January 27, 1877, and a new trial ordered, which was not had. In February, 1880, the executors offered to allow plaintiff to take judgment against them as such, for $2,500, with interest and costs, which offer was accepted and the judgment entered accordingly.

Upon application for distribution of the proceeds of a sale of the decedent's real estate, had pursuant to an order of the Surrogate, this reference was ordered, whereon the referee allowed the judgment as a valid claim, but disallowed the costs. Various exceptions were taken by the several parties.

WILLIAM J. KANE, *in person, and for John Kavanagh and C. N. Dayton.*

GIDEON W. DAVENPORT, *for petitioning creditor.*

C. C. EGAN, *for assignee of John Kavanagh.*

NELSON SMITH, *for receiver of John Kavanagh.*

THE SURROGATE.—By section 60 of 3 *R. S.*, 117 (6 ed.), it is provided, in such a case as this, that a judg-

ment against the executors, for a debt due from the deceased, leaves the debt against the estate to the same extent as before, to be established in the same manner as if no such judgment had been obtained, except when the same has been obtained upon a trial or hearing upon the merits, in which latter case the judgment is *prima facie* evidence of such debt before the Surrogate.

In this case, there has been no trial on the merits which produced the judgment offered in evidence, for the former trial, though on the merits, was by the reversal in the Court of Appeals entirely set aside, and none of its proceedings constituted any portion of the record of the judgment entered on the defendant's offer.

The next question to be considered is whether the debt against this estate was established before the referee, in the same manner as if no such judgment had been obtained. There is no proof of any such debt, outside of the judgment, unless, as the referee seems to suppose, the offer of judgment under the Code was equivalent to an admission of the indebtedness by the executors. This is substantially a proceeding against the property of the heirs, and I am of the opinion that the offer of judgment under the Code, in a suit against the executors was not equivalent to an admission that the estate was indebted to the plaintiff in that action—even if it had been proved before the referee that the offer wa. signed in the proper handwriting of the executor's attorney. But the only verity as to the offer is that it appears in the judgment roll and purports to have been signed by the executor's attorney. This, in my opinion, is not a sufficient proof of the debt against the estate.

By sections 68 and 69 of the same statute, p. 119, the subsequent proceedings, after the order to show cause, are required to conform to the proceedings taken on the application of the executor or administrator, and hence the proof of demands, to be adjudged valid and subsisting against the estate of decedent, must conform to the requirements of section 17, p. 110, and be established by proof independent of any judgment recovered against the representative of the estate, unless such judgment shall have been recovered upon a trial on the merits.

The reference back to the referee to take proof of the demand of the parties claiming an interest in the judgment, together with their respective rights, appears by the order as upon the original establishment of demands against the estate; whereas the papers show such an establishment, the usual order for sale, and the actual sale and report thereof. The proper order to have been made would have been under sections 51 and 52, p. 116, for the proof, to the satisfaction of the Surrogate, of any other debts or demands which had been presented and not theretofore established. The proceedings stand in the anomalous position of the sale having been made before completion of the hearing to adjudge the demands subsisting against the estate.

As it is probable that the parties interested in this judgment may be able to prove the claim or debt, for which the judgment was entered by consent, they should be afforded the opportunity before the same referee, to whom the matter is hereby referred (as upon proceeding for distribution), if they shall so elect.

There having been no proof of the claim represented by the judgment, it seems unnecessary to consider the

referee's report and exceptions thereto, as to the interests of the respective claimants or their rights under the proof, except that of Mr. Kane under his alleged lien for costs, which, under the authorities, cannot be sustained as a demand against the decedent (Wood *v.* Byington, 2 *Barb. Ch.*, 387; Sanford *v.* Granger, 12 *Barb.*, 392; *Redfield's Practice*, 258).

But in reaching this conclusion, I do not intend to hold that the attorney may not have a valid claim for so much of his professional services as were performed before the death of the testator, which, if not barred, he will have an opportunity to prove before the referee.